```
         IN THE UNITED STATES DISTRICT COURT
                      FOR THE
              MIDDLE DISTRICT OF PENNSYLVANIA
```

ROSHON C. PRESTON      :
                       :
     Petitioner        :
                       :
v.                     :       CIVIL NO. 3:CV-12-1578
                       :
COMMONWEALTH OF PENNSYLVANIA, :
                       :       (Judge Conaboy)
                       :
     Respondent        :



FILED
SCRANTON

AUG 29 2012

PER _____
      DEPUTY CLERK

## MEMORANDUM

### Background

This pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was initiated by Roshon C. Preston, an inmate presently confined at the York County Prison, York, Pennsylvania. Petitioner has also filed an in forma pauperis application (Doc. 4) which will be granted for the sole purpose of the filing of this action with this Court.

Named as Respondent is the Commonwealth of Pennsylvania.[1] Petitioner states that he was arrested on June 15, 2012 by the York County Sheriff's Department and other unidentified law enforcement officials pursuant to a warrant which charged him with escape. See Doc. 1, ¶ 4. Preston adds that he has been

---

[1] The only properly named respondent in a federal habeas corpus action is the applicant's custodial official. See 28 U.S.C. § 2242. The Warden of the York County Prison is Petitioner's custodial official for purposes of § 2242.

confined since that date.

Preston's pending action indicates that he is challenging the legality of his ongoing detention on the grounds that the Commonwealth has not yet afforded him with a preliminary hearing[2] and the arresting officers failed to properly apprise him of his Miranda[3] warnings. Petitioner seeks his release from custody.

## Discussion

### Standard of Review

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Gorko v. Holt, 2005 WL 1138479 *1(M.D. Pa. May

---

[2] Preston indicates that the Commonwealth failed to serve him with their request for a continuance of the preliminary hearing.

[3] See Miranda v. Arizona, 384 U.S. 436 (1966).

13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134,141 (6th Cir. 1970).

Based upon his admission that he has not yet been convicted or even tried on the state criminal charge underlying this action, Preston is clearly a pre-trial detainee. His pending Petition challenges the validity of his ongoing state criminal prosecution. Although "federal habeas corpus is substantially a post-conviction remedy," this Court still has limited jurisdiction under 28 U.S.C. § 2241(c)(3) to issue a writ of habeas corpus. See Moore v. DeYoung, 515 F.2d 437, 441 (3d Cir. 1975). However, "jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present." Id. at 443; see also, Calihan v. Superior Court, 158 Fed. Appx. 807 (9th Cir. 2005)( absent special circumstances,"[p]rinciples of comity and federalism" require abstention from deciding pre-conviction habeas challenges).

In Younger v. Harris, 401 U.S. 37 (1981), the United States Supreme Court similarly observed that "principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances." Port Auth. Police Benevolent Assoc., Inc. v. Port Auth. of N.Y. and N.J. Police Dep't., 973 F.2d 169, 173 (3d Cir. 1992). The test for federal court abstention under Younger is whether "(1) there are ongoing state proceedings that are

3

judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." Id. However, it is only when a habeas petitioner faces the threat of suffering irreparable harm that federal court intervention will be justified. See Dombrowski v. Pfister, 380 U.S. 479, 482 (1965); Coruzzi v. State of N.J., 705 F.2d 688, 690 (3d Cir. 1983). Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." Evans v. Court of Common Pleas, 959 F.2d 1227, 1234 (3d Cir. 1992). It has also been noted that the habeas corpus remedy afforded to state inmates under § 2254 was not intended "to argue state law issues pre-trial in a federal forum." Green v. Commonwealth of Pennsylvania, No. CIV. A. 93-1662, 1993 WL 239311, at *3 (E.D. Pa. June 28, 1993).

The Court of Appeals for the Third Circuit in Moore addressed a denial of speedy trial claim. It concluded that extraordinary circumstances did not exist to permit adjudication of the claim because the applicant "will have an opportunity to raise his claimed denial of the right to a speedy trial during his state trial and any subsequent appellate proceedings in the state courts." Moore, 515 F.2d at 449.

There are no assertions in Preston's pending petition which suggest that he cannot litigate the merits of his present allegations in his ongoing state criminal proceeding, or

4

thereafter (if necessary) raise those claims before the Pennsylvania state appellate courts. Petitioner also offers no indication that he will suffer irreparable harm with respect to his pending state criminal prosecution or that he is facing the type of extraordinary circumstances contemplated under Moore and Younger which would warrant immediate intervention by this Court.

Petitioner's allegations of delay in being provided with a preliminary hearing is a matter of concern. Nonetheless, the pre-trial delay has not reached the level of excessiveness which would trigger a finding of extraordinary circumstances under the standards developed in Moore and Younger. This conclusion is bolstered by Petitioner's apparent failure to seek relief from the state appellate courts prior to seeking federal habeas corpus review, as well as his concession that he has only been in custody since June 15, 2012 and that the Commonwealth sought and was granted a continuance of the preliminary hearing. Under these circumstances, intervention by this Court is not warranted at this juncture. Abstention is required in this case out of deference to the integrity of the state judicial process. Consequently, the petition for a writ of habeas corpus will be dismissed without prejudice. An appropriate Order will enter.

                                            /s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: AUGUST 29TH, 2012

5